# Exhibit A

# MICHAEL D. CRANE
## The Law Offices of Michael D. Crane, LLC

August 15, 2024

Mr. Guillemo Caceres
Ms. Mirca E. Benitez De Caceres
661 Hartford Avenue, 1st Floor
Providence, RI 02909

Dear Mr. & Ms. Caceres:

This office represents the owner of the above property that you occupy as a tenant at sufferance. You are hereby notified to vacate the property located at:

661 Hartford Avenue, 1st Floor
Providence, RI 02909

and remove all your possessions on August 27, 2024. If you fail to vacate the premises by that date an action to evict you will be commenced without further notice.

Very truly yours,

Walter King Enterprises, LLC
By Their Attorney,

Michael D. Crane

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5:30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

289159
3 of 14

December 17, 2024

## NOTICE OF MORTGAGE FORECLOSURE SALE

Re:     661 Hartford Ave, Providence, RI 02909

Please be advised that this office has scheduled a foreclosure sale to take place at 9:00 AM on February 19, 2025 at the above-referenced premises. We are enclosing a copy of the foreclosure advertisement for your records.

You will not receive any further notice of the sale.

Our experience has shown us that you are likely to benefit if you allow qualified bidders at the foreclosure sale to enter and inspect the premises. This may result in a higher purchase price. If you are willing to allow qualified bidders to enter and inspect the premises, please be present at the time of the foreclosure sale.

This property may qualify for a conciliation conference pursuant to your municipality's Code of Ordinances. We have provided a copy of this notice to a HUD-approved coordinator to schedule a conciliation conference. If you are interested in arranging a conciliation conference, we recommend you contact the following coordinator directly:

Conciliation Coordinator
Rhode Island Housing
44 Washington Street
Providence, RI 02903
Phone: 401-450-1331
E-Mail: ConciliationCoordinator@rhodeislandhousing.org

You may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 20218 so that we may process your request more quickly.



20218

Addressee: Ramon Granados

# IMPORTANT NOTICE

A servicemember on active duty or deployment or who has recently ceased such duty or deployment has certain rights under subsection 34-27-4(d) of the Rhode Island general laws set out below.  To protect your rights if you are such a servicemember, you should give written notice to the servicer of the obligation or the attorney conducting the foreclosure, prior to the sale, that you are a servicemember on active duty or deployment or who has recently ceased such duty or deployment.  This notice may be given on your behalf by your authorized representative.  If you have any questions about this notice, you should consult with an attorney.



20218



## Rhode Island General Laws Section 34-27-4(d)

(d)      Foreclosure sales affecting servicemembers. –

(1)      The following definitions shall apply to this subsection and to subsection (c):

(i)      ''Servicemember'' means a member of the army, navy, air force, marine corps, or coast guard and members of the national guard or reserves called to active duty.

(ii)      ''Active duty'' has the same meaning as the term is defined in 10 U.S.C. sections 12301 through 12304.  In the case of a member of the national guard, or reserves ''Active duty'' means and includes service under a call to active service authorized by the president or the secretary of defense for a period of time of more than thirty (30) consecutive days under 32 U.S.C. section 502(f), for the purposes of responding to a national emergency declared by the president and supported by federal funds.

(2)      This subsection applies only to an obligation on real and related personal property owned by a servicemember that:

(i)      Originated before the period of the servicemember's military service or in the case of a member of the national guard or reserves originated before being called into active duty and for which the servicemember is still obligated; and

(ii)      Is secured by a mortgage or other security in the nature of a mortgage.

(3)      Stay of right to foreclose by mortgagee.  -  Upon receipt of written notice from the mortgagor or mortgagor's authorized representative that the mortgagor is participating in active duty or deployment or that the notice as provided in subsection (c) was received within nine (9) months of completion of active duty or deployment, the mortgagee shall be barred from proceeding with the execution of sale of the property as defined in the notice until such nine (9) month period has lapsed or until the mortgagee obtains court approval in accordance with subdivision (d)(5) below.

(4)      Stay of proceedings and adjustment of obligation.  -  In the event a mortgagee proceeds with foreclosure of the property during, or within nine (9) months after a servicemember's period of active duty or deployment notwithstanding receipt of notice contemplated by subdivision (d)(3) above, the servicemember or his or her authorized representative may file a petition against the mortgagee seeking a stay of such foreclosure, after a hearing on such petition, and on its own motion, the court may:

(i)      Stay the proceedings for a period of time as justice and equity require; or

(ii)      Adjust the obligation as permitted by federal law to preserve the interests of all parties.

(5)      Sale or foreclosure.  -  A sale, foreclosure or seizure of property for a breach of an obligation of a servicemember who is entitled to the benefits under subsection (d) and who



20218



provided the mortgagee with written notice permitted under subdivision (d)(3) shall not be valid if made during, or within nine (9) months after, the period of the servicemember's military service except:

(i)     Upon a court order granted before such sale, foreclosure or seizure after hearing on a petition filed by the mortgagee against such servicemember; or

(ii)    If made pursuant to an agreement of all parties.

(6)     Penalties. - A mortgagee who knowingly makes or causes to be made a sale, foreclosure or seizure of property that is prohibited by subsection (d)(3) shall be fined the sum of one thousand dollars ($1,000), or imprisoned for not more than one year ,or both.  The remedies and rights provided hereunder are in addition to and do not preclude any remedy for wrongful conversion otherwise available under law to the person claiming relief under this section, including consequential and punitive damages.

(7)     Any petition hereunder shall be commenced by action filed in the superior court for the county in which the property subject to the mortgage or other security in the nature of a mortgage is situated.  Any hearing on such petition shall be conducted on an expedited basis following such notice and/or discovery as the court deems proper.

*Harmon Law Offices, P.C.*
Attorney for Present holder of mortgage

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



20218

## MORTGAGEE'S SALE

661 Hartford Ave Providence, RI
Plat 114, Lot 138



289159
11 of 1

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on February 19, 2025 at 9:00 AM on the premises, by virtue of an order dated August 31, 2023 and recorded in the City of Providence Land Evidence Records in Book 13968, Page 290, as affected by an order dated April 29, 2024 and recorded in the City of Providence Land Evidence Records in Book 14125, Page 8, as further affected by an order dated April 29, 2024 and recorded in the City of Providence Land Evidence Records in Book 14125, Page 12, as further affected by an order dated November 29, 2024 and recorded in the City of Providence Land Evidence Records in Book 14299, Page 143 relative to a mortgage by Ramon Granados dated May 29, 2008 and recorded in the City of Providence Land Evidence Records in Book 9114, Page 119, the conditions of said mortgage having been broken. Said sale will be subject to court approval.

$5,000.00 in cash, certified or bank check is required to bid.  Other terms will be announced at the sale.

HARMON LAW OFFICES, P.C.
Attorney for the Holder of the Mortgage
150 California Street
Newton, MA 02458
(617) 558-0500
20218

289159
13 of 1



20218



Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461

2891599
1 of 14



Ramon Granados
661 Hartford Ave
Providence, RI  02909

20218 F



**USPS SIGNATURE TRACKING #**

**2110 8902 2003 7201 7475 32**

20218



Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461

2891559
1 of 8



Occupant
Unit 1
661 Hartford Ave
Providence, RI  02909

20218 F



**USPS SIGNATURE TRACKING #**

**2110 8902 2003 7201 7475 63**

20218

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5:30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

289159
3 of 8

Re:     661 Hartford Ave, Providence, RI 02909

## NOTICE OF PENDING FORECLOSURE

This Notice is provided to you to inform you of the intent to foreclose on property address listed above. The holder of the mortgage on the property address listed above hereby notifies you that the above referenced property is currently scheduled to be sold at foreclosure.

### TENANTS ARE HEREBY NOTIFIED OF THE FOLLOWING

1.       The property listed above is scheduled to be sold at foreclosure;

2.       The foreclosure sale is scheduled for 9:00 AM on February 19, 2025 at the property;

3.       **Housing counseling services are available to you at no cost.** Counseling services that can help you understand your options and provide resources and referrals are available from counseling agencies approved by the United States Department of Housing and Urban Development (HUD). You can locate a HUD-approved counseling agency by calling HUD's toll-free telephone number, 1-800-569-4287, or by accessing HUD's Internet homepage at www.hud.gov. The TDD number is 1-800-877-8339. Counseling services are available free of charge through HUD's Housing Counseling Program.

4.       Rhode Island Legal Services (RILS) may be able to provide assistance. RILS may be reached at (401) 274-2652 or rils.org and is located at 56 Pine Street, 4th Floor, Providence, Rhode Island 02903.

5.       United Way 2-1-1 in Rhode Island is an information and referral line available 24 hours a day, 7 days a week in 175 languages and dialects. This free and confidential service connects people to resources offered by health and human service providers, government agencies and community-based organizations. Dial 211 on your telephone or visit www.211RI.org. United Way of Rhode Island is located at 50 Valley Street, Providence, RI 02909.

6.       This notice does not eliminate your obligation to pay rent. **You must continue to pay rent to the landlord until the foreclosure sale occurs.**

**THIS IS NOT AN EVICTION NOTICE.**



20218

Addressee: Occupant

## MORTGAGEE'S SALE

661 Hartford Ave Providence, RI
Plat 114, Lot 138



289159
5 of 8

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on February 19, 2025 at 9:00 AM on the premises, by virtue of an order dated August 31, 2023 and recorded in the City of Providence Land Evidence Records in Book 13968, Page 290, as affected by an order dated April 29, 2024 and recorded in the City of Providence Land Evidence Records in Book 14125, Page 8, as further affected by an order dated April 29, 2024 and recorded in the City of Providence Land Evidence Records in Book 14125, Page 12, as further affected by an order dated November 29, 2024 and recorded in the City of Providence Land Evidence Records in Book 14299, Page 143 relative to a mortgage by Ramon Granados dated May 29, 2008 and recorded in the City of Providence Land Evidence Records in Book 9114, Page 119, the conditions of said mortgage having been broken. Said sale will be subject to court approval.

$5,000.00 in cash, certified or bank check is required to bid. Other terms will be announced at the sale.

HARMON LAW OFFICES, P.C.
Attorney for the Holder of the Mortgage
150 California Street
Newton, MA 02458
(617) 558-0500
20218



28915
7 of 8



20218

DOC: 2023340042
Bk: 13796    Pg: 225

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

Space above for Recorder's use

Loan No: 3934089

19629242

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVI CGS MORTGAGE LOAN TRUST I**, whose address is **1011 CENTRE RD, EX-DE-WD2D, WILMINGTON, DE 19805**, (ASSIGNOR), does hereby grant, assign and transfer to **AMOS FINANCIAL LLC**, whose address is **3330 SKOKIE VALLEY RD, SUITE 301, HIGHLAND PARK, IL 60035**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **5/29/2008**
Original Loan Amount: **$183,207.00**
Executed by (Borrower(s)): **RAMON GRANADOS**
Original Lender: **BANK OF AMERICA N.A.**
Filed of Record:  In Mortgage Book/Liber/Volume **9114**, Page **119**
Document/Instrument No: **00013162** in the Recording District of **City of Providence, RI**, Recorded on **5/30/2008**.

Property more commonly described as: **661 HARTFORD AVENUE, PROVIDENCE, RHODE ISLAND 02909**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date:  **12/15/2022**

**U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVI CGS MORTGAGE LOAN TRUST I, BY MERIDIAN ASSET SERVICES, LLC, ITS ATTORNEY-IN-FACT**



By: **LISA V. HARRIS**
Title: **VICE PRESIDENT**

Witness Name: **MARIO REYES**

3934089 BV28 19629242

DOC: 2023340042
BK 13796   PG 226

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of        **FLORIDA**
County of     **PINELLAS**

On **12/15/2022**, before me, **WANDA M. HIATT**, a Notary Public, personally appeared **LISA V. HARRIS, VICE PRESIDENT of/for MERIDIAN ASSET SERVICES, LLC, AS ATTORNEY-IN-FACT FOR U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVI CGS MORTGAGE LOAN TRUST I,** personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that LISA V. HARRIS, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

(Notary Name): WANDA M. HIATT
My commission expires: **11/08/2024**

WANDA M. HIATT
NOTARY PUBLIC · STATE OF FLORIDA
COMMISSION # HH54376
My Commission Expires NOVEMBER 8, 2024

RECEIVED:
Providence
Received for Record
02/01/2023 01:28:44 PM
Document Num: 2023340042
John A Murphy
Recorder of Deeds

3934089 BV28 19629242

Case 1:25-cv-00002-MSM-PAS    Document 1-1    Filed 01/03/25    Page 16 of 66 PageID
#: 26
Case 1:24-cv-00304-WES-PAS    Document 8-2    Filed 08/15/24    Page 47 of 65 PageID
#: 252

f.    On December 15, 2021, Bayview Loan Servicing, LLC to Mortgage Fund
IVC, LP,

g.    On December 15, 2021, Mortgage Fund IVC, LP to [Amos Financial Trust]
US Bank National Association, as Trustee of CVI CGS Mortgage Loan Trust I

h.    On February 1, 2023, U.S. Bank Trust National Association, as Trustee of CVICGS
Mortgage Loan Trust I Bayview Loan Servicing, LLC to Amos Financial LLC, LP, which
assignment was recorded with the Registry at Book 13796, Page 225. See Amos Financial
Affidavit Exhibit

18. The Mortgage is secured by the Property located in the City of Providence, Rhode Island,
more particularly described as follows:

"All the certain lot of land with the building and improvements thereon,
located in the City of Providence, County of Providence, State of Rhode
Island, laid out and designated as lot numbered forty (40) on that plat
entitled, 'Plat of Land in Johnston, R.I., belonging to Benjamin H. Hawkins,
surveyed and drawn by J.A. Latham, April 1889' replatted June 1893 by H.
E. Mowry" which said plat is on record in the land records of the City of
Providence on Plat Card 776.

This property is conveyed subject to an easement and right of way for the
benefit of 659 Hartford Avenue, currently identifed as lot 139 on assesor's
plat 114 and designated as lot 41 on the aforementioned plat, over and across
the northerly eighteen (18) feet in depth of the entire width of lot 40 to pass
and repass by foot or vehicle from Midelton Street to the rear of Lot 41.
Said easement being further described as follows:

Beginning at a point being the northwesterly corner of lot 40, thence in a
southerly direction eighteen (18) feet to a point in the westerly side of said
lot; thence in an easterly direction fifty (50) feet to a point on the easterly
side of said lot; thence in a northerly direction eighteen (18) feet to a point
being the northeasterly corner of said lot; thence in a westerly direction fifty
(50) feet to the point and place of beginning.

In consideration of granting this easement and right of waym the owner of
lot 41 (650 Hartford Ave.) shall be responsible for maintaining the easement.
This easement and right of way shall run with the land and is binding on
succeosors, heirs and assings

4

AFFIDAVIT

I, Francis J. Nolan, Esquire of Harmon Law Offices, PC as attorneys for Amos Financial LLC named in the foregoing deed, make oath and say that the principal and interest obligation mentioned in the mortgage above referred to were not paid or tendered or performed when due or prior to the sale, and that Amos Financial LLC caused to be published on June 19, 2024, June 26, 2024 and July 3, 2024 in the Providence Journal, a public newspaper published in the City of Providence, County of Providence, State of Rhode Island, in accordance with the provisions of said mortgage, notice of sale, the following being a true copy of said notice:

**See Exhibit A attached hereto and incorporated herein by reference.**

I certify that in accordance with the terms of said mortgage and pursuant to R.I.G.L. 34-11-22 and 34-27-4, as amended, notice of the time and place of the foreclosure sale was mailed to the mortgagor(s) by certified mail, return receipt requested, at the address of the real estate; at the mortgagor's address listed with the tax assessor's office for the City of Providence, if different from the property address; at the last known address for the mortgagor(s); and at any other address the mortgagor may have designated by written notice to the mortgagee. Such notice contained a copy of the text of RIGL 34-27-4(d), printed in 12 point type, along with the notice set forth in and required

2C218



by RIGL 34-27-4(c), printed in 14 point type. I certify that such notice was sent at least thirty (30) days prior to the first publication, including the day of mailing in the computation.

Pursuant to said notice at the time and place therein appointed, Amos Financial LLC sold the mortgaged premises at public auction by Jeffrey Craig, a duly licensed auctioneer, to Walter King for FOUR HUNDRED FIFTY THOUSAND AND 00/100 ($450,000.00) DOLLARS bid by Walter King being the highest bid made therefor at said auction.

I further make affidavit and say that I am familiar with the contents of the Servicemembers Civil Relief Act, that to the best of my knowledge and information and belief, the record owners of the property described in said mortgage, namely Mirca Benitez and Israel Caceres and Jonathan Caceres and Abraham Caceres, were not "persons" in the Military Service of the United States of America as defined by the Servicemembers Civil Relief Act, and were not in "Military Service" as defined by said Act at the time of the commencement of the within foreclosure proceeding, or at the time of sale under the power given by said mortgage or at any time within the period of one calendar year immediately preceding said sale, and that the above facts have been ascertained after investigation duly made.

By: _____

Francis J. Nolan, Esquire

COMMONWEALTH OF MASSACHUSETTS

Middlesex County, SS

On this 23rd day of July, 2024, before me, the undersigned notary public, personally appeared Francis J. Nolan, proved to me through satisfactory evidence of identification, which was personal knowledge, to be the person who signed the preceding or attached document in my presence, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

_____

Notary Public

Print Name Thomas J. Santolucito

My Commission Expires: 3/20/26



THOMAS J. SANTOLUCITO
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES 03/20/2026

## CERTIFICATE OF SERVICE

I, Thomas J. Walsh, Esquire, hereby certify that on August 1, 2024, I electronically filed the foregoing document with the Clerk of Court using the electronic filing system, which will send notification of such filing to all registered electronic filing participants. I also certify that on the same date, I caused the mailing of the document by United States Postal Service, via first class mail, postage pre-paid, to the following:

Ramon Granados
661 Hartford Avenue
Providence, Rhode Island 02909

Mirca Benitez
661 Hartford Avenue
Providence, Rhode Island 02909

Israel Caceres
661 Hartford Avenue
Providence, Rhode Island 02909

Department of Planning and
Development for the City of
Providence
c/o Nicholas P. Poulos
Department of Law
444 Westminster Street, Suite 220
Providence, RI 09203

Capital One Bank (USA) N.A.
1680 Capital One Drive, McLean
VA 22102-3491

National Grid
P.O. Box 11739
Newark, NJ 07101-4739

Jonathan David Caceres
661 Hartford Avenue,
Providence, Rhode Island 02909

Abraham Caceres
14 Stella Street,
Providence, Rhode Island 02909

Abraham Caceres
661 Hartford Avenue,
Providence, Rhode Island 02909

CACH, LLC
222 Jefferson Blvd, Suite 200
Warwick, RI 02888

*/s/ Thomas J. Walsh*
Thomas J. Walsh, Esq. #5697

4

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT
C.A. NO.: PM-2022-00782

Amos Financial LLC,

      Plaintiff,

v.

Ramon Granados and Mirca Benitez and
Israel Caceres,

      Defendants,

Department of Planning and Development,
Capital One Bank (USA) N.A., National
Grid,

      Defendants/Parties-in-Interest.

## AFFIDAVIT OF THOMAS J. WALSH, ESQ.

I, Thomas Walsh, depose on oath as follows:

1. I am attorney employed at the law firm of Harmon Law Offices, P.C. ("Firm") in Newton, Massachusetts and am duly licensed to practice law in Rhode Island (RI#5697).  As an attorney who is working at the Firm, I have knowledge of the Firm's practices and procedures for maintaining and processing foreclosure files on behalf of its clients.

2. The Firm maintains an electronic case management system ("CMS") in which attorneys, paralegals and legal assistants acting under the direction of the Firm's attorneys, enter case-related activity simultaneously or nearly simultaneously with the occurrence of such activity in CMS.  CMS identifies the name of the attorney, paralegal or legal assistant

making the entry, the date and time such entry is made and a description of the activity (i.e., pleading filed, notice or correspondence sent, phone call received, etc.) as entered by the attorney or assistant making the entry. In addition, copies of pleadings, affidavits, title examinations, title rundowns, correspondence and other documents relating to the case are uploaded to CMS.

3. In the course of preparing this affidavit I have consulted the Firm's CMS system and the documents uploaded to such system in connection with the foreclosure action referenced in the Complaint.

4. When the Firm receives a foreclosure referral from a mortgage loan servicer or mortgage owner, it is the Firm's custom and practice to obtain an initial title examination on the real estate encumbered by the mortgage, and thereafter to obtain periodic title updates or rundowns from the date the original examination left off through a date certain, which date is typically no more than thirty days prior to the date the property is sold at public auction.

5. The foregoing practice results in the accumulation of a continuous record of transactions filed with the applicable Land Evidence Records that affect the subject property from the start date of the initial examination through the end date recited in the last run-down or title update obtained by the Firm.

6. On February 9, 2022, a Complaint for judicial foreclosure was filed.

7. On March 15, 2023, an agreement for judgment was entered into between the City of Providence Department of Planning and Development, which holds a second mortgage on the Property and the Plaintiff.

8. Defendants, Ramon Granados, Mirca Benitez, and Israel Caceres filed an answer on March 18, 2022.

2

9. I have reviewed the initial title examination obtained by the Firm on or about July 12, 2021 which exam commences with a certain deed dated December 4th 2017 on the real property situated at the 661 Hartford Avenue, Providence, RI 02909("Property") recorded with the Providence Land Evidence Records ("Land Evidence Records") in Book 11933, Page 268 and continues with periodic title updates obtained by the Firm thereafter and uploaded to the CMS. review of the Firm's title examination; subsequent title rundowns; and other public records that are susceptible to judicial notice reveals the following:

   a. On May 29, 2008, defendant Ramon Granados ("Borrower") acquired title to the Property by warranty deed recorded with the City of Providence Land Evidence Records ("Registry") in book 9114, page 116 ("Deed"). See Amos Financial Affidavit **Exhibit A**.

   b. Also on May 29, 2008, Borrower executed a note in the original principal amount of $183,207.00 ("Note") to Bank of America, N.A (BOA). The note was subsequently endorsed in blank and Amos Financial currently holds the note. See Amos Financial Affidavit **Exhibit B**.

   c. Also on May 29, 2008, as security for the Note, Mortgagor granted a mortgage to Bank of America, N.A. ("Mortgage"). The Mortgage was recorded on May 30, 2008 with the Registry in Book 9114, Page 119. See Amos Financial Affidavit **Exhibit C**.

3

d. On July 22, 2013, BOA assigned the Mortgage to SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY BAYVIEW LOAN SERVICING, LLC ITS ATTORNEY IN FACT by assignment recorded on September 3, 2013 with the Registry at book 10682, Page 180. See Amos Financial Affidavit **Exhibit E**.

e. On September 3, 2013, SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY BAYVIEW LOAN SERVICING, LLC ITS ATTORNEY IN FACT recorded an assignment to Bayview Loan Servicing, LLC, which assignment was recorded with the Registry at Book 10682, Page 181. See Amos Financial Affidavit **Exhibit F**.

f. On August 28, 2019, Bayview Loan Servicing, LLC recorded an assignment to MF disposition IVC, LLC, which assignment was recorded with the Registry at Book 12463, Page 77. See Amos Financial Affidavit **Exhibit G**.

g. On August 28, 2019, MF Disposition IVC, LLC recorded an assignment to WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE OF ACM PRIME ALAMOSA 2018 TRUST, which assignment was recorded with the Registry at Book 12463, Page 78. See Amos Financial Affidavit **Exhibit H**.

h. On December 15, 2021, WILMINGTON SAVINGS FUND SOCIETY, FSB NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE OF ACM PRIME ALAMOSA 2018 TRUST recorded an assignment to Bayview Loan Servicing, LLC, which

assignment was recorded with the Registry at Book 13403, Page 281. See Amos Financial Affidavit **Exhibit I**.

i. Also on December 15, 2021, Bayview Loan Servicing, LLC recorded an assignment to Mortgage fund IV, LP, which assignment was recorded with the Registry at Book 13403, Page 283. See Amos Financial Affidavit **Exhibit I**.

j. Also on December 15, 2021, Mortgage fund IVC, LP recorded an assignment to Amos Financial Trust National Association, as Trustee of CVI CGS Mortgage Loan Trust I, which assignment was recorded with the Registry at Book 13403, Page 285. See Amos Financial Affidavit **Exhibit J**.

10. Since the mortgage was granted, the Property has been conveyed several times as follows:

a. On July 3, 2008, Ramon Granados conveyed the Property to Mirca Benitez, by Quitclaim Deed, which deed was recorded in the Providence Land Evidence Records in Book 9155, Page 189. Amos Financial Affidavit **Exhibit K**

b. On December 4, 2017, Mirca Benitez granted the Property to Mirca Benitez, and Israel Benitez, as joint tenants by Quitclaim Deed, which deed was recorded on January 11, 2018 in the Providence Land Evidence Records in Book 11933, Page 268. Amos Financial Affidavit **Exhibit L**

c. Thereafter, on June 7, 2019, Mirca Benitez attempted to convey the Property to herself, as sole owner and in the same instrument unilaterally reverse two earlier conveyances. She recorded two consecutive deeds,

5

which were entitled "Corrective Quit-Claim Deed" which attempted to reverse two prior deeds, the first that occurred in June 2005, which she was not a party to and the second a deed to the Property purportedly recorded in 2013, but recorded in Johnston Land Evidence Records at Book 2318, Page 256. The deeds were recorded on July 8, 2019 in the City of Providence Land Evidence Records at Book 12412, Page 65 and 12412, Page 67. Amos Financial Affidavit **Exhibit M and N**

11.  The Property is subject to a Second Mortgage granted by Ramon Granados to The City of Providence Department of Planning and Development in the amount of $2,500.00, recorded with the Registry at Book 9114/128. See Amos Financial Affidavit **Exhibit Q**.

12.  The Property is also subject to a Judgment Lien in favor of Capital One Bank, N.A. in the amount of $742.24, recorded with the Registry at Book 10243, Page 307. See Amos Financial Affidavit **Exhibit R**.

13.  The Property is also subject to a Judgment Lien in favor of National Grid in the amount of $8,025.57 recorded with the Registry at Book 10651, Page 290. See Amos Financial Affidavit **Exhibit S**.

14.  There are no other recorded liens of record.

15.  National Grid was defaulted on July 26, 2022 for failure to files an answer or other responsive pleading to the complaint.

16.  Capital One was defaulted on November 2, 2022 for failure to file and answer or other responsive pleading to the complaint.

17.   The Defendants are not in the military service of the United States or its Allies, as defined in the "Servicemembers Civil Relief Act", as set forth in 50 U.S.C. App. §§ 501 et seq.

EXECUTED UNDER THE PAINS AND PENALTIES OF PERJURY

_____
THOMAS J. WALSH, ESQ.

Dated: March 16, 2023

COMMONWEALTH OF MASSACHUSETTS

Middlesex County

On this 16th day of March, 2023, before me, the undersigned Notary Public, personally appeared THOMAS J. WALSH, personally known to the Notary to be the person who signed above in my presence and who swore or affirmed to the Notary that the contents of the document are truthful to the best of his knowledge.

Notary Public: _Leanne M Bybee_
Leanne M. Bybea

My Commission Expires:   1/18/30



Doc No: 00013163
Book: 9114   Page: 133

IN WITNESS WHEREOF, the undersigned has(ve) executed this mortgage this
29 day of May, 2008

In the presence of:

_____                    *Ramon Granados* *
                                              RAMON GRANADOS

_____                    _____ *


STATE OF RHODE ISLAND
COUNTY OF Providence

In Johnston, in said County, on the 29 day of May, 2008
before me personally appeared the above-named Ramon Granados
to me known and known by me to be the part ___ executing the foregoing instrument, and
___ he ___ acknowledged said instrument by him executed to be his ___ free
act and deed.

                                                              No true

                          _____
                          Notary Public Signature*

                          OFFICIAL SEAL
                          FRANK SGIACCA
                          NOTARY PUBLIC-RHODE ISLAND
                          My Comm. Expires 10 27 2010


*Print name under signature                          Name


RECEIVED:
Providence
Received for Record
May 30,2008 at 02:30:23P
Document Num: 00013163
John A Murphy
Recorder of Deeds

Case 1:25-cv-00002-MSM-PAS    Document 1-1    Filed 01/03/25    Page 29 of 66 PageID
#: 39
Case 1:24-cv-00304-WES-PAS    Document 6-2    Filed 08/15/24    Page 26 of 65 PageID
#: 231

DOC NO: 00046076
Book:10356    Page: 109

## MORTGAGEE'S SALE
### ASSESSOR'S PLAT# 114 AND LOT# 138
661 Hartford Avenue
Providence, Rhode Island

The premises described in the mortgage will be sold subject to all encumbrances and prior liens on October 15, 2012 at 12:30 pm on the premises by virtue of the Power of Sale in said mortgage made by Ramon Granados dated May 29, 2008, and recorded in Book 9114 at Page 119, et seq. of the Providence Land Evidence Records, the conditions of said mortgage having been broken:

$5,000.00 in cash, bank check or certified check at time of sale is required to bid; other terms will be announced at time of sale.

Bendett & McHugh, P.C.
270 Farmington Avenue, Ste. 151
Farmington, CT 06032
Attorney for the present
Holder of the Mortgage

RECEIVED:
Providence
Received for Record
Aug 28,2012 at 02:35:09P
Document Num: 00046076
John A Murphy
Recorder of Deeds

04 through: 08/02/2024          🔍 Quick View  📋 Add Selected to Queue  🖨 Print Results  ↩ Back

ranados ramon ...  All Criteria

✓ - Verified Documents   ✗ - Unverified Documents

| Name | Other Name | Document Ty | Property | Recorded ▲ | Associated |
|------|------------|-------------|----------|------------|------------|
| 2 GRANADOS RAMON | 1 CACERES GUILLERMO | DEED WARRANTY | | 05/30/2008 | 9114 / 119 |
| 1 GRANADOS RAMON | 2 BANK OF AMERICA NA | MORTGAGE | | 05/30/2008 | 9114 / 116 + |
| 1 GRANADOS RAMON | 2 DEPARTMENT OF PLANNING AND DEVELOPMENT | MORTGAGE | | 05/30/2008 | 9114 / 119 |
| 1 GRANADOS RAMON | 2 BENITEZ MIRCA | DEED QUIT CLAIM | | 07/15/2008 | |
| 1 GRANADOS RAMON + | 2 | INTENT TO FORECLOSE | | 08/28/2012 | 9114 / 119 |
| 1 GRANADOS RAMON + | 2 SECRETARY OF HOUSING AND URBAN DEVELOPMENT | MORTGAGE ASSIGNMENT | | 09/03/2013 | 9114 / 119 |
| 1 GRANADOS RAMON + | 2 BAYVIEW LOAN SERVICING LLC | MORTGAGE ASSIGNMENT | | 09/03/2013 | 9114 / 119 |
| 1 GRANADOS RAMON + | 2 MF DISPOSITIONS IVC LLC | MORTGAGE ASSIGNMENT | | 08/28/2019 | 9114 / 119 |
| 1 GRANADOS RAMON + | 2 WILMINGTON SAVINGS FUND SOCIETY FSB | MORTGAGE ASSIGNMENT | | 08/28/2019 | 9114 / 119 |
| 1 GRANADOS RAMON + | 2 BAYVIEW LOAN SERVICING LLC | ASSIGNMENT | | 12/15/2021 | |
| 1 GRANADOS RAMON + | 2 MORTGAGE FUND IVC LP | ASSIGNMENT | | 12/15/2021 | |
| 1 GRANADOS RAMON + | 2 US BANK TRUST NA | ASSIGNMENT | | 12/15/2021 | |
| 1 GRANADOS RAMON + | 2 CVI CGS MORTGAGE LOAN TRUST I + | MEMORANDUM | | 03/04/2022 | |
| 1 GRANADOS RAMON + | 2 AMOS FINANCIAL LLC | MORTGAGE ASSIGNMENT | | 02/01/2023 | |
| 1 GRANADOS RAMON + | 2 AMOS FINANCIAL LLC | JUDGEMENT | | 09/20/2023 | |
| 1 GRANADOS RAMON + | 2 AMOS FINANCIAL LLC | ORDER | | 09/20/2023 | |
| 1 GRANADOS RAMON + | 2 | INTENT TO FORECLOSE | | 10/05/2023 | |
| 1 GRANADOS RAMON + | 2 AMOS FINANCIAL LLC | JUDGEMENT | | 05/09/2024 | |
| 1 GRANADOS RAMON + | 2 AMOS FINANCIAL LLC | ORDER | | 05/09/2024 | |
| 1 GRANADOS RAMON + | 2 | INTENT TO FORECLOSE | | 05/15/2024 | 9114 / 119 |

# HARMON LAW OFFICES, P.C.

150 CALIFORNIA STREET
NEWTON, MASSACHUSETTS 02458
TEL: (617) 558-0500
FAX: (617) 244-7304
Business Hours: Monday-Friday 8:00 AM to 5 30 PM

*SERVING MASSACHUSETTS, NEW HAMPSHIRE AND RHODE ISLAND*

August 3, 2021

To: Ramon Granados

## NOTICE OF ACCELERATION

RE:    Mortgage on 661 Hartford Ave, Providence, RI 02909

This office has been retained by Shellpoint Mortgage Servicing to foreclose on a mortgage dated May 29, 2008 from Ramon Granados to Bank of America, N.A., in the original principal amount of $183,207.00. Our client informs us that you are in breach of the conditions of the loan documents. We have been instructed to bring a foreclosure in the name of U.S. Bank Trust National Association, as Trustee of CVI CGS Mortgage Loan Trust I under the Power of Sale contained in your mortgage and by entry. You are further notified that the note is hereby accelerated and the entire balance is due and payable forthwith and without further notice. Even though the note has been accelerated, you may still have the right to reinstate the loan. If so, and if you desire to reinstate the loan, you will need to pay an amount of money sufficient to bring the loan fully current.

Under the terms of the note and mortgage, there is outstanding through the date of this letter $123,589.28 in principal and $129,528.74 in interest and other charges for a total of $253,118.02. Furthermore, attorney's fees and costs and other charges will continue to accrue pursuant to the terms of the loan documents.

The amount necessary to reinstate or pay off the loan changes daily. You may order a reinstatement or payoff 24 hours a day on-line by going to www.hloreinstatement.com or to www.hlopayoff.com. Please follow the instructions contained on the web page. Please note that only requests made by owners, borrowers, mortgagors and authorized parties will be processed. You may also contact us during business hours to request a reinstatement or payoff by calling (617) 558-0598. When completing the on-line form or when calling our office, please reference your Case Number 20218 so that we may process your request more quickly.

Unless you, within thirty days after receipt of this notice, dispute the validity of the debt or any portion thereof, the debt will be assumed to be valid by this office. If you notify this office in writing within the thirty-day period that the debt, or any portion thereof, is disputed, this office will obtain verification of the debt or a copy of a judgment against you and a copy of such verification or judgment will be mailed to you by this office. Upon your written request within the thirty-day period, this office will provide you with the name and address of the original creditor, if different from the current creditor.

The law does not require this office to wait until the end of the thirty-day period before proceeding with legal action to collect the debt. However, if you notify this office in writing within the thirty-day period described in the previous paragraph that the debt, or any portion thereof, is disputed, or that you request the name and address of the original creditor, this office shall cease collection of the debt, or any disputed portion thereof, until this office obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to you by this office.

20218

Your failure to dispute the validity of the debt may not be construed by any court as an admission of liability by you.

Sincerely,

Banita Butcher
Harmon Law Offices, P.C.

**PLEASE BE ADVISED THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND THAT ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

20218

Harmon Law Offices, P.C.
P.O. Box 610389
Newton Highlands, MA 02461

 Ramon Granados
661 Hartford Ave
Providence, RI  02909

20218 F

**USPS FIRST-CLASS MAIL**



2100 0902 2003 7201 0257 81

20218

Multistate

# NOTE

FHA Case No.
████████

MAY 29, 2008                                                          LOAN # ████████
(Date)
661 HARTFORD AVENUE, PROVIDENCE, RI  02909
[Property Address]

## 1. PARTIES
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means BANK OF AMERICA N.A.

and its successors and assigns.

## 2. BORROWER'S PROMISE TO PAY; INTEREST
In return for a loan received from Lender, Borrower promises to pay the principal sum of ONE HUNDRED EIGHTY THREE THOUSAND TWO HUNDRED SEVEN AND 00/100

Dollars (U.S. $        183,207.00        ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of FIVE AND THREE-QUARTERS percent (        5.750        %) per year until the full amount of principal has been paid.

## 3. PROMISE TO PAY SECURED
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

## 4. MANNER OF PAYMENT
    **(A) Time**
        Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on JULY 01        , 2008        . Any principal and interest remaining on the first day of     JUNE 2038        , will be due on that date, which is called the "Maturity Date."
    **(B) Place**
        Payment shall be made at BANK OF AMERICA, N.A., P.O. BOX 535318, ATLANTA, GEORGIA 30353-5318                                                or at such place as Lender may designate in writing by notice to Borrower.
    **(C) Amount**
        Each monthly payment of principal and interest will be in the amount of U.S. $        1,069.15        .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
    **(D) Allonge to this Note for payment adjustments**
        If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box]

☐ Graduated Payment Allonge  ☐ Growing Equity Allonge  ☐ Other [specify]

*R G*

**FHA Multistate Fixed Rate Note - 10/95**
**−BS1R** (0808)
ELECTRONIC LASER FORMS, INC. - (800)327-0545
Page 1 of 3

BS1R 05/29/08 7:46 AM 6759591222



**5. BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6. BORROWER'S FAILURE TO PAY**

**(A) Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of                FOUR                percent (        4.0          %) of the overdue amount of each payment.

**(B) Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C) Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7. WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8. GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.





BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

_Ramon Granados_____ (Seal)    _____ (Seal)
RAMON GRANADOS                        -Borrower                                          -Borrower

_____ (Seal)    _____ (Seal)
                                      -Borrower                                          -Borrower

_____ (Seal)    _____ (Seal)
                                      -Borrower                                          -Borrower

_____ (Seal)    _____ (Seal)
                                      -Borrower                                          -Borrower

-BS1R (9608)                          Page 2 of 2

BS1R 05/29/08 7:46 AM 6759591222

**ALLONGE TO NOTE**

Statement of Purpose:  This Note Allonge is attached to and made a part of the Note, for the purpose of Noteholder Endorsement to evidence a transfer of interest.

| | |
|---|---|
| Borrower Name: | RAMON GRANADOS |
| CoBorrower Name: | |
| Note Date: | 5/29/2008 |
| Amount: | $183,207.00 |
| Property Address: | 661 HARTFORD AVE PROVIDENCE RI 02909 |
| Loan#: | ████████ |

**PAY TO THE ORDER OF:**

By:

Bank of America, N.A.

By NewRez LLC d/b/a Shellpoint Mortgage Servicing, as attorney in fact

Cynthia M. Brock, Senior Manager,
NewRez LLC d/b/a Shellpoint Mortgage
Servicing

DOC: 2021307892
Bk:  13403    Pg:  285

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

Space above for Recorder's use

Loan No: ▮▮▮▮▮▮

## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **MORTGAGE FUND IVC, LP**, whose address is **4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146**, (ASSIGNOR), does hereby grant, assign and transfer to **U.S. BANK TRUST, NATIONAL ASSOCIATION, AS TRUSTEE OF CVI CGS MORTGAGE LOAN TRUST I**, whose address is **300 DELAWARE AVE., 9TH FL., WILMINGTON, DE 19801**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **5/29/2008**
Original Loan Amount: **$183,207.00**
Executed by (Borrower(s)): **RAMON GRANADOS**
Original Lender: **BANK OF AMERICA N.A.**
Filed of Record: In Mortgage Book/Liber/Volume **9114**, Page **119**
Document/Instrument No: **00013162** in the Recording District of **City of Providence**, RI, Recorded on **5/30/2008**.

Property more commonly described as: **661 HARTFORD AVENUE, PROVIDENCE, RHODE ISLAND 02909**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **12/8/2021**

**MORTGAGE FUND IVC, LP, BY MORTGAGE FUND GP IVC, LLC, ITS GENERAL PARTNER**

By: **DAVID BRIGGS**
Title: **FIRST VICE PRESIDENT**

 Witness Name: Diana Magee

3934089 BV28 14347152

DOC: 2021307892
BK 13403   PG 286

> A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of    **FLORIDA**
County of   **MIAMI-DADE**

On 12/08/2021, before me, **ISABEL MOLINA**, a Notary Public, personally appeared **DAVID BRIGGS, FIRST VICE PRESIDENT** of/for **MORTGAGE FUND GP IVC, LLC, AS GENERAL PARTNER FOR MORTGAGE FUND IVC, LP**, personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that DAVID BRIGGS, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.



(Notary Name): **ISABEL MOLINA**
My commission expires: **05/07/2023**



RECEIVED:
Providence
Received for Record
12/15/2021 01:38:59 PM
Document Num: 2021307892
John A Murphy
Recorder of Deeds

3934089 BV28 14347152

DOC: 2021307891
Bk:  13403    Pg:  283

Prepared By and Return To:

Collateral Department
Meridian Asset Services, LLC
3201 34th Street South, Suite 310
St. Petersburg, FL 33711
(239) 351-2442

_____ Space above for Recorder's use _____

Loan No: ████████



## ASSIGNMENT OF MORTGAGE

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, **COMMUNITY LOAN SERVICING, LLC, F/K/A BAYVIEW LOAN SERVICING, LLC**, whose address is **4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146**, (ASSIGNOR), does hereby grant, assign and transfer to **MORTGAGE FUND IVC, LP**, whose address is **4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL 33146**, (ASSIGNEE), its successors, transferees and assigns forever, all beneficial interest under that certain mortgage, together with the certain note(s) described therein with all interest, all liens, and any rights due or to become due thereon.

Date of Mortgage: **5/29/2008**
Original Loan Amount: **$183,207.00**
Executed by (Borrower(s)): **RAMON GRANADOS**
Original Lender: **BANK OF AMERICA N.A.**
Filed of Record: In Mortgage Book/Liber/Volume **9114**, Page **119**
Document/Instrument No: **00013162** in the Recording District of **City of Providence, RI**, Recorded on **5/30/2008**.

Property more commonly described as: **661 HARTFORD AVENUE, PROVIDENCE, RHODE ISLAND 02909**

IN WITNESS WHEREOF, the undersigned by its duly elected officers and pursuant to proper authority of its board of directors has duly executed, sealed, acknowledged and delivered this assignment.

Date: **11/10/2021**

COMMUNITY LOAN SERVICING, LLC, F/K/A BAYVIEW LOAN SERVICING, LLC

By: PETER SUAREZ
Title: **ASSISTANT VICE PRESIDENT**

Witness Name: _____  Diana Magee

3934089 BV28 14347151

DOC: 2021307891
BK 13403  PG 284

A NOTARY PUBLIC OR OTHER OFFICER COMPLETING THIS CERTIFICATE VERIFIES ONLY THE IDENTITY OF THE INDIVIDUAL WHO SIGNED THE DOCUMENT TO WHICH THIS CERTIFICATE IS ATTACHED, AND NOT THE TRUTHFULNESS, ACCURACY, OR VALIDITY OF THAT DOCUMENT

State of     **FLORIDA**
County of    **MIAMI-DADE**

On **NOV 1 0 2021** _____, before me, **ISABEL MOLINA**, a Notary Public, personally appeared **PETER SUAREZ, ASSISTANT VICE PRESIDENT** of/for **COMMUNITY LOAN SERVICING, LLC, F/ K/A BAYVIEW LOAN SERVICING, LLC,** personally known to me, or who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument. I certify under PENALTY OF PERJURY under the laws of the State of **FLORIDA** that the foregoing paragraph is true and correct. I further certify the foregoing instrument was acknowledged before me by means of ☑ physical presence or ☐ online notarization and that PETER SUAREZ, signed, sealed, attested and delivered this document as a voluntary act in my presence.

Witness my hand and official seal.

_____
(Notary Name): **ISABEL MOLINA**
My commission expires: **05/07/2023**

ISABEL MOLINA
Notary Public-State of Florida
Commission # GG 331968
My Commission Expires
May 07, 2023

RECEIVED:
Providence
Received for Record
12/15/2021 01:38:58 PM
Document Num: 2021307891
John A Murphy
Recorder of Deeds

3934089 BV28 14347151

DOC: 2021307890
Bk:   13403      Pg:   281

Record & Return To:

_____
_____
_____
_____
_____

Prepared By:
ACM Prime Alamosa 2018 Trust
PO Box 447
Odessa, FL 33556
813-962-1300
Prepared by: Carin Canter
Loan #: ▓▓▓▓▓6
Deal Name: PAF Document Control
RI, Providence City

||||||||||||||||||||||||||||||||||||||||
REF ▓▓▓▓▓▓▓▓▓▓▓▓▓

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, **Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee of ACM Prime Alamosa 2018 Trust**, PO Box 447, Odessa, FL, 33556, herein ("Assignor"), does hereby grant, sell, assign, transfer and convey, without recourse unto **Bayview Loan Servicing, LLC**, 4425 Ponce de Leon Blvd, 5th Floor, Coral Gables, FL 33146 herein ("Assignee") that certain MORTGAGE recorded in Providence City, RI referenced below;

Borrower: Ramon Granados, a single person
Original Lender: Bank of America, N.A. Recorded: 05/30/2008 Book: 9114 Page: 119 Instrument: 00013162
Property:      661 Hartford Avenue, Providence, RI 02909

Together with the note(s) and obligations therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said document referenced above.

TO HAVE AND TO HOLD the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the document above-described.

IN WITNESS WHEREOF, Assignor has caused this Assignment to be executed and delivered, effective
*9-14-2021* .

Wilmington Savings Fund Society, FSB, not in its individual capacity but solely in its capacity as Owner Trustee of ACM Prime Alamosa 2018 Trust

By: _____
Name: *Bruce Thomas*
Title: *Attorney-In-Fact*
POA recorded 4/20/2020 Doc: 2020254158
Book: 12697 Page: 152

```
DOC: 2021307890
BK 13403  PG 282
```

Page 2
Loan #▃▃▃▃▃▃▃▃

State of Florida
County of _Hillsborough_

The foregoing instrument was acknowledged before me by means of [✓] physical presence or [ ] online notarization, this __14__ day of _September_, 2021, by _Bruce Norman_, who: [✓] is personally known to me or [ ] produced _____ as identification.

_____
NOTARY PUBLIC (signature)
Print Name: __Carin N. Canter__
My Commission Expires: _3-3-2024_
Stamp/Seal:

CARIN N. CANTER
MY COMMISSION # GG 960068
EXPIRES: March 3, 2024
Bonded Thru Notary Public Underwriters

```
RECEIVED:
Providence
Received for Record
12/15/2021 01:38:57 PM
Document Num: 2021307890
John A Murphy
Recorder of Deeds
```

Recording Requested By:
RICHMOND MONROE GROUP, INC.

When Recorded Return To:
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref#: 000951000000446 / 648991

Doc No: 00235490
Book:12463   Page:   78

Loan #: ▮▮▮▮▮
TS Ref #: 000951000000446
Client Ref #: 648991D

## CORPORATE ASSIGNMENT OF MORTGAGE
RI/PROVIDENCE

Assignment Prepared on: June 04, 2019

Assignor: MF Dispositions IVc, LLC, at 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL, 33146

Assignee: WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS OWNER TRUSTEE OF ACM PRIME ALAMOSA 2018 TRUST, at 13266 BYRD, #447, ODESSA, FL, 33556

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated: 5/29/2008, in the amount of $183,207.00, executed by RAMON GRANADOS, A SINGLE PERSON to BANK OF AMERICA N.A. and Recorded: 5/30/2008, Instrument #: 00013182, Book: 9114, Page: 119 in PROVIDENCE, State of Rhode Island.

Property Address: 661 HARTFORD AVENUE, PROVIDENCE, RI, 02909

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

MF Dispositions IVc, LLC

On: **AUG 1 5 2019**

By: _____

Name: ESLOAN SOTOLONGO

Title:  ASSISTANT VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE

On **AUG 1 5 2019**, before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, MF Dispositions IVc, LLC
, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal,

_____
Rogelio A. Portal
Notary Expires: 8/25/2020 / #: FF 993630

RI/PROVIDENCE

ROGELIO A. PORTAL
Notary Public-State of Florida
Commission # FF 993630
My Commission Expires
August 25, 2020

RECEIVED:

Providence
Received for Record
Aug 28, 2019 at 10:50A
Document Numb  00235490
John A Murphy
Recorder of Deeds

Recording Requested By:
RICHMOND MONROE GROUP, INC.

When Recorded Return To:
RICHMOND MONROE GROUP, INC.
P.O. BOX 458
KIMBERLING CITY, MO 65686
Ref #: 000951000000000353 / 648991

Doc No: 00235489
Book:12463   Page:   77

Loan #: ████
TS Ref #: 000951000000000353
Client Ref #: 648991C

## CORPORATE ASSIGNMENT OF MORTGAGE

RI/PROVIDENCE

Assignment Prepared on: June 04, 2019

Assignor: BAYVIEW LOAN SERVICING, LLC, at 4425 PONCE DE LEON BLVD, 5TH FLOOR, CORAL GABLES, FL, 33146

Assignee: MF Dispositions IVc, LLC, at 4425 PONCE DE LEON BLVD., 5TH FLOOR, CORAL GABLES, FL, 33146

For value received, the Assignor does hereby grant, sell, assign, transfer and convey, unto the above-named Assignee all interest under that certain Mortgage Dated: 5/29/2008, in the amount of $183,207.00, executed by RAMON GRANADOS, A SINGLE PERSON to BANK OF AMERICA N.A. and Recorded: 5/30/2008, Instrument #: 00013182, Book: 9114, Page: 119 in PROVIDENCE, State of Rhode Island.

Property Address: 661 HARTFORD AVENUE, PROVIDENCE, RI, 02909

TO HAVE AND TO HOLD, the same unto Assignee, its successors and assigns, forever, subject only to the terms and conditions of the above-described Mortgage.

BAYVIEW LOAN SERVICING, LLC

On: AUG 1 5 2019

By:
Name: ESLOAN SOTOLONGO
Title:   ASSISTANT VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE

On _____ AUG 1 5 2019 _____, before me, Rogelio A. Portal, a Notary Public in and for MIAMI-DADE in the State of FLORIDA, personally appeared ESLOAN SOTOLONGO, ASSISTANT VICE PRESIDENT, BAYVIEW LOAN SERVICING, LLC, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

WITNESS my hand and official seal.

Rogelio A. Portal
Notary Expires 8/25/2020 / #: FF 993630

ROGELIO A. PORTAL
Notary Public-State of Florida
Commission # FF 993630
My Commission Expires
August 25, 2020

RI/PROVIDENCE

RECEIVED:

Providence
Received For Record
Aug 28, 2019  at  10:49A
Document No: 00235489
John A Murphy
Recorder of Deeds

Recording requested by:
SECRETARY OF HOUSING AND
URBAN DEVELOPMENT BY BAYVIEW
LOAN SERVICING, LLC ITS
ATTORNEY IN FACT

Doc No: 00075883
Book=10682 Page: 181

When recorded mail to:
RECORD & RETURN TO
FILMAN SOLUTIONS
P.O. BOX 29071
Glendale, CA 91209-9071
38433574-R87-Providence City

**CORPORATION ASSIGNMENT OF MORTGAGE**
Doc. ID# 6488702336056B100
Commitment# 5200

For value received, the undersigned, SECRETARY OF HOUSING AND URBAN
DEVELOPMENT BY BAYVIEW LOAN SERVICING, LLC ITS ATTORNEY IN FACT, 451 7TH ST
S.W. WASHINGTON D.C. 20410, hereby grants, assigns and transfers to:
BAYVIEW LOAN SERVICING LLC
4425 PONCE DE LEON BLVD 5TH FLOOR CORAL GABLES, FL 33146

All its interest under that certain Mortgage dated 5/29/08, executed by:
RAMON GRANADOS, Mortgagor as per Mortgage Recorded as Instrument No.0000
on 3/13 in Book#/// Page // in Office of
records in the county recorder of PROVIDENCE of PROVIDENCE County, RHODE ISLAND.
Tax Parcel - 11401800000.
PROVIDENCE CITY TAX COLLECTOR
Original Mortgage $185,207.00
661 HARTFORD AVE, PROVIDENCE, RI 02909

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Mortgage.

Dated: 4/3/13    SECRETARY OF HOUSING AND URBAN DEVELOPMENT BY BAYVIEW
LOAN SERVICING, LLC ITS ATTORNEY IN FACT

By: _____
LAURA H. HARTMANN, VICE PRESIDENT

State of FLORIDA
County of MIAMI-DADE
On 4/3/13 before me, ROGELIO A PORTAL , Notary Public, personally
appeared LAURA H. HARTMANN, who proved to me on the basis of satisfactory
evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in
his/her their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of FLORIDA
that the foregoing paragraph is true and correct,

Witness my hand and official seal.

Signature: _____
ROGELIO A PORTAL

Personally known ____ OR Produced Identification ____
Type of identification Produced ____

ROGELIO A PORTAL
Notary Public - State of Florida
My Comm. Expires Aug 25, 2016
Commission # EE 197169

Prepared by: ELISEO ORTIZ
101 MARENGO AVE, 4TH FLOOR
PASADENA, CA 91101
Phone#: (626) 486-3536

RECEIVED:
Providence
Received for Record
Sep 03,2013 at 10:29:06A
Document Num# 00075883
John A Murphy
Recorder of Deeds

Doc No: 00075882
Book:10682  Page:  180

Recording requested by:
BANK OF
AMERICA,N.A.,SUCCESSOR BY
MERGER TO BAC HOME LOANS
SERVICING,LP FKA COUNTRYWIDE
HOME LOANS SERVICING,LP

When recorded mail to:
RECORD & RETURN TO
FTL/BOA SOLUTIONS        18766
P.O. BOX 5001
Glendale, CA 91206-9071

30433573-F07-Providence Chy

CORPORATION ASSIGNMENT OF MORTGAGE
Doc. ID# 71287023360532914
Commitment # 5200

For value received, the undersigned, BANK OF AMERICA,N.A.,SUCCESSOR BY MERGER
TO BAC HOME LOANS SERVICING,LP FKA COUNTRYWIDE HOME LOANS SERVICING,LP, 101 S
MARENGO AVE, 4TH FLOOR, PASADENA, CA 91101, hereby grants, assigns and
transfer to:
SECRETARY OF HOUSING AND URBAN DEVELOPMENT
451 7TH STREET, S.W. WASHINGTON,D.C. 20410

All its interest under that certain Mortgage dated 5/29/08, executed by:
RAMON GRANADOS, Mortgagor as per MORTGAGE recorded at Instrument No.
00013140 CO on 6/06/2008 in Book 9/9 CO   Page 114   of official
records in the County Recorder's Office of PROVIDENCE County, RHODE ISLAND.
Tax Parcel = 114013B0000           PROVIDENCE CITY TAX COLLECTOR
Original Mortgage 183,107.00
451 HARTFORD AVE, PROVIDENCE, RI 02909

Together with the Note or Notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued or to
accrue under said Mortgage.

Dated:    JUL 22 2013       BANK OF AMERICA,N.A., SUCCESSOR BY MERGER TO BAC HOME
                           LOANS SERVICING,LP FKA COUNTRYWIDE HOME LOANS
                           SERVICING,LP

By
     LUIS ROLDAN, ASSISTANT VICE PRESIDENT

State of California
County of Los Angeles

On  JUL 22 2013  before me,            IRMA DIAZ            , Notary Public,
personally appeared LUIS ROLDAN, who proved to me on the basis of
satisfactory evidence to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California
that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature:
              IRMA DIAZ

IRMA DIAZ
Commission # 1903968
Notary Public - California
Ventura County
My Comm. Expires Sep 13, 2014

Prepared by: RALPH FLORES
101 S MARENGO AVE, 4TH FLOOR
PASADENA, CA 91101
Phone#: (626) 456-1890

RECEIVED:

Providence
Received for Record
Sep 03,2013  at  10:28:12A
Document Num:  00075882
John A Murphy
Recorder of Deeds

LOAN # ███████
Return To:
FL9-700-01-01
JACKSONVILLE POST CLOSING
BANK OF AMERICA
9000 SOUTHSIDE BLVD
BLDG 700, FILE RECEIPT DEPT
JACKSONVILLE, FL 32256
Prepared By:
MARY NALLY
BANK OF AMERICA N.A.
9000 SOUTHSIDE BLVD - BLDG 600
JACKSONVILLE, FL  322560000

BOOK Vol 00013162
Pages    119

———————— (Space Above This Line For Recording Data) ————————

State of Rhode Island

# MORTGAGE

FHA Case No. ████████

THIS MORTGAGE ("Security Instrument") is given on   MAY 29, 2008
The Mortgagor is  RAMON GRANADOS , A SINGLE PERSON

whose address is  130 ERASTUS STREET, PROVIDENCE, RI  02908

("Borrower"). This Security Instrument is given to  BANK OF AMERICA N.A.

which is organized and existing under the laws of  UNITED STATES OF AMERICA
and whose address is  9000 SOUTHSIDE BLVD - BLDG 600 JACKSONVILLE, FL 322560000
                                        ("Lender"). Borrower owes Lender the principal sum of
ONE HUNDRED EIGHTY THREE THOUSAND TWO HUNDRED SEVEN AND 00/100
                                        Dollars (U.S. $    183,207.00      ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on
JUNE 01, 2038                    . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b)
the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this
Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security

FHA Rhode Island Mortgage - 4/96
██████-4R(RI) (0303)          Amended 2/99        FNMI 05/29/08 7:46 AM 6759191222
Page 1 of 8                          Initials _____
VMP Mortgage Solutions (800)521-7291

R 6

BOOK NO. 5100013162  PAGE:   120

Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to the Lender, with Mortgage Covenants upon the Statutory Condition and with the Statutory Power of Sale, the following described property located in  PROVIDENCE
County, Rhode Island:
  "LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF."

Parcel ID Number:         TBD
which has the address of  661 HARTFORD AVENUE                                            [Street]
            PROVIDENCE            [City], Rhode Island     02909     [Zip Code] ("Property Address");

  TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."
  BORROWER COVENANTS that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.
  THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

  Borrower and Lender covenant and agree as follows:

  UNIFORM COVENANTS.

  1. Payment of Principal, Interest and Late Charge. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
  2. Monthly Payment of Taxes, Insurance and Other Charges. Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."
  Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. Section 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA

Initials: _____

⬤-4FR(RI) (0305)                                          Page 2 of 8
FNRI 05/29/08 7:46 AM 6159591222

R G

Doc No: 100013162
Book: 9114 Page: 121

for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

First, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

Second, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

Third, to interest due under the Note;

Fourth, to amortization of the principal of the Note; and

Fifth, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or

RG

BOOK NO. 5100 PAGE:  122

substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement, at the Note rate, and at the option of Lender, shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary, in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including Section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

-4R(RI) (0200)

FHRI 05/29/08 7:46 AM 6758591222

Page 6 of 8

Initials: _____

R G

BOOK No.: 0912200131642    Page: 123

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) No Waiver. If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) Regulations of HUD Secretary. In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) Mortgage Not Insured. Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within 60 days from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to 60 days from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. Reinstatement. Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successor in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers. The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

13. Notices. Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The

Initials: _____

4R(RI) (0309)    FHA1 05/29/08 7:48 AM 6755591222    Page 9 of 8

R G

BOOK No. 1200013162   PAGE: 124

notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

14. **Governing Law; Severability.** This Security Instrument shall be governed by Federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

15. **Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

16. **Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

~4R(RI) (9108)        Page 6 of 9        Initials: ___

FRM  05/29/08  7:46 AM 6759591222                      RG

Doc No: 00013162
Book: 9114    Page:    125

18. Foreclosure Procedure. If Lender requires immediate payment in full under paragraph 9, Lender may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of notice of sale to Borrower as provided in paragraph 13. Lender shall publish the notice of sale, and the Property shall be sold in the manner prescribed by applicable law. Lender or its designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under Paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 *et seq.* ) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this Paragraph 18 or applicable law.

19. Release. Upon payment of all sums secured by this Security Instrument, this Security Instrument shall become null and void. Lender shall discharge this Security Instrument without charge to Borrower. Borrower shall pay any recordation costs.

20. Waiver of Homestead. If Borrower heretofore has acquired or hereafter acquires an estate of homestead in the Property, Borrower hereby agrees that such homestead estate is waived to the extent of this Security Instrument and the amount due under the Note and to the extent of all renewals, extensions and modifications of this Security Instrument or the Note, and that said homestead estate is subject to all of the rights of Lender under this Security Instrument and the Note and all renewals, extensions and modifications of this Security Instrument and the Note, and is subordinate to the lien evidenced by this Security Instrument, and all renewals, extensions and modifications of this Security Instrument. Furthermore, Borrower hereby waives the benefits of any homestead or similar laws or regulations that may otherwise be applicable from time to time.

21. Riders to this Security Instrument. If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument. (Check applicable box(es)).

☐ Condominium Rider                  ☐ Growing Equity Rider              ☐ Other (specify)
☐ Planned Unit Development Rider     ☐ Graduated Payment Rider

-4R(RI) (9901)                        Page 7 of 8

FHM1 05/29/08 7:48 AM 6759591222

Initials: _____

R G

Doc No: 00013162
Book: 9114 Page: 126

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

Witnesses:

_____        *Ramon Granados*                    (Seal)
                                  RAMON GRANADOS                    -Borrower

_____        _____         (Seal)
                                                                   -Borrower

_____ (Seal) _____         (Seal)
                          -Borrower                                -Borrower

_____ (Seal) _____         (Seal)
                          -Borrower                                -Borrower

_____ (Seal) _____         (Seal)
                          -Borrower                                -Borrower


STATE OF RHODE ISLAND,                          County ss:

On this 29 day of May , 2004, in Johnston RI .
in said County, before me personally appeared

        Ramon Granados                    each and all to me known and known
to me to be the person(s) executing the foregoing instrument and acknowledged said execution to be his/her/their free act and deed.

FRANK SCIACCA
NOTARY PUBLIC-RHODE ISLAND
My Comm. Expires 08 27 2006

-4R(RI) (0305)              Page 8 of 8              FMRI 05/29/08 7:46 AM 6759591222

Doc No: 00013162
Book: 9114  Page:  127

Exhibit "A"

The certain lot of land with the building and improvements thereon, located in the City of Providence, County of Providence, State of Rhode Island, laid out and designated as lot numbered forty (40) on that plat entitled, "Plat of Land on Hartford Avenue, Johnston, R.I., belonging to Herbert H. Wood, being a Re-plat for a portion of a Plat entitled 'Plat of Land in Johnston, R.I., belonging to Benjamin H. Hawkins, surveyed and drawn by J. A. Latham, April 1889' replatted June 1893 by H. E. Mowry" which said plat is on record in the land records of the City of Providence on Plat Card 776.

This property is conveyed subject to an easement and right of way for the benefit of 659 Hartford Avenue, currently identified as lot 139 on assessor's plat 114 and designated as lot 41 on the aforementioned plat, over and across the northerly eighteen (18) feet in depth of the entire width of lot 40 to pass and repass by foot or vehicle from Middelton Street to the rear of lot 41. Said easement being further described as follows:

Beginning at a point being the northwesterly corner of lot 40, thence in a southerly direction eighteen (18) feet to a point in the westerly side of said lot; thence in an easterly direction fifty (50) feet to a point on the easterly side of said lot; thence in a northerly direction eighteen (18) feet to a point being the northeasterly corner of said lot; thence in a westerly direction fifty (50) feet to the point and place of beginning.

In consideration of granting this easement and right of way, the owner of lot 41 (650 Hartford Ave.) shall be responsible for maintaining the easement. This easement and right of way shall run with the land and is binding on successors, heirs and assigns.

Being a portion of the premises conveyed to Luigi and Natalina Ciolfi by deed of Rose Ciolfi recorded in Book 1214 page 746.

Property Address: 661 Hartford Ave.
        Assessor's plat 114 lot 138

RECEIVED:
Providence
Received for Record
May 30,2008  at  02:29:49P
Document Num: 00013162
John A Murphy
Recorder of Deeds

**STATE OF RHODE ISLAND**

**SUPREME COURT**
**No. 2024-0368-M.P.**

**AMOS FINANCIAL LLC,**

    **Plaintiff-Appellee,**

**v.**

**RAMON GRANADOS AND MIRCA BENITEZ CACERES,**

    **Defendants-Appellants,**

## AMOS FINANCIAL LLC'S MEMORANDUME IN OPPOSITION TO MOTION TO TRANSFER

Now comes, Amos Financial LLC ("Amos Financial") and hereby opposes RAMON GRANADOS AND MIRCA BENITEZ CACERES ("Petitioners" or individually "Granados" and "Benitez") latest attempt to circumvent the jurisdiction and decisions of the Rhode Island State Courts.

### BACKGROUND

This dispute stems from a judicial foreclosure originally brought by Amos Financial's predecessor, U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF CVI CHS MORTGAGE LOAN TRUST I ("U.S. Bank"), which was the assignee of a mortgage granted originally by Ramon Granados to Bank of America, N.A. ("BOA") in May 2008. At the time he granted the mortgage,

1

Granados held title to the property located at 661 Hartford Ave. Providence, RI (the "Property")[1]. To acquire the Property, he granted a Note and Mortgage to BOA. As described herein, Amos Financial has consistently proceeded with its contractual rights, only after obtaining court permission and it has been thwarted and delayed in its efforts by parties that it has no contractual relationship with, but has to deal with because its mortgagor transferred the Property to Mirca Benitez, his daughter, after he granted the mortgage.

Amos Financial is the present holder by assignment of the note and mortgage. On April 29, 2024, the Court (Smith, Christopher, J.) issued a Judgment and Order authorizing the Plaintiff, and/or its successors and assigns to conduct a public foreclosure sale of 661 Hartford Ave. Providence, RI 02909 (the "Property"). The underlying case was opposed by the Appellants, so Amos Financial sought and obtained summary judgment against Granados, Benitez and several Benitez sons. Thereafter, Amos Financial had to amend its complaint to add two additional sons, (Jonathan and Abrahams Caceres) as a result of several additional deeds being recorded by Mirca Benitez into herself and her sons. On July 17, 2024, Amos Financial completed a foreclosure auction authorized by a judge of the Superior Court.

---

[1] There is a second case and dispute involving 659 Hartford Avenue, Providence, RI in which the same Petitioners lost the abutting property to a tax sale conducted by Jewell Associates. Amos Financial nor its predecessors in interest were parties to this other case.

2

Pursuant to the Superior Court's sale order, on August 15, 2024, Amos Financial returned to the Superior Court to seek sale approval. After providing the Court with information regarding notice, the number of bidders and the sale price obtained, the judge granted Amos Financials motion for final judgment, over Benitez objection, approving the sale to a third party, Walter King. Benitez along with her son Jonathan Caceres, who was also a party in the judicial foreclosure action, did not file an opposition to Amos Financial motion, but did appear and argued in opposition to the order being entered. An interpreter was provided for Benitez by the Court.

At the hearing, Benitez argued that the Superior Court clerk had refused to accept her filings in the case, including her Answer. The Court reviewed the docket and pointed out that the answer, her request for a continuance and her response to the motion for summary judgment were all in the record. She also attempted to advance her argument, already rejected at summary judgment, that the deed to the Property had been altered, that the loan had been paid off and other arguments that the Court determined were the subject of earlier decisions in the case that had already been decided. While Benitez and the other Defendants filed an opposition to the summary judgment motion, no-one appeared at the hearing that had been re-scheduled at Benitez request. Thereafter, on September 3, 2024, the Superior Court authorized the sale of the Property to the third party bidder,

Walter King.  Unfortunately, Mr. King would not close the transaction, due to a

pending Petition for Writ of Certiorari SU-2024-0252 filed in this Court by Benitez

and Granados and a First Circuit appeal of a dismissal on *Rooker Feldman* grounds

by the Federal District Court for Rhode Island, *Benitez Caceres, et al v. U.S. Bank*

*Trust National Association*, 22-cv-00097.  On October 15, 2024, the Petition was

denied by this Court. See **Exhibit A.**

Benitez and Granados have now filed another Miscellaneous Petition

entitled "Appeal" and the present "Motion", which and seek to transfer two state

court cases that have already been decided to the Federal District Court for Rhode

Island.  Petitioners provide no legal authority for the transfer of the case other than

unsubstantiated claims of "conflict of interest," "error of law detected in both case"

and a claim that an unidentified attorney involved in the cases "is a state judge of

the state of Rhode Island, lawyer and estate administrator."  None of the

allegations either in the Petition or the Motion are supported by Affidavits or any

evidence.

Amos Financial is not a party to and has no involvement in Case No.SU-

2024-0339.  The case involves a final tax decree against 659 Hartford Avenue,

Providence, RI in a case brought by the tax sale purchaser Jewell Associates.

At all times relevant, Amos Financial has relied upon public records

recorded in the Providence Land Evidence Records and the loan documents signed

by Granados, These documents, supported by affidavits have been submitted for review in both State and Federal Courts and the judges in these Courts have determined that Amos Financial could proceed with pursuing the loan default and the foreclosure of the mortgage against the Property. Appellants have had notice of the proceedings, since they were commenced in 2022, but have failed to put forth evidence and arguments to establish their alleged defenses, which have either been decided against them or waived. Granados has also failed to avail himself of his contractual right to reinstate his loan or to pay-off the loan at any time prior to the foreclosure.

Benitez, Granados and other members of the family have manipulated the title through numerous transfer deeds to herself and other member of her family, which have delayed the proceedings and required the amendment of the complaint to capture the new owners. Since the start of the Superior Court case, Benitez and other family members have also attempted to circumvent the jurisdiction of the Superior Court through numerous case filings against various parties, including Amos Financial and the prior mortgage holder, US Bank Trust National Association, as Trustee in the Federal District Court for Rhode Island. These federal cases include the following:

| Case Title | Party Name | Case No | Date Filed | Date Closed |
|---|---|---|---|---|
| Benitez Caceres et al v. U.S. Bank Trust National Association | Benitez Caceres, Mirca, Granados, Ramon, Caceres, Guillermo | 1:22-cv-00097 | 03/08/2022 | 03/15/2024 |
| Benitez Caceres et al v. Amos Financial, LLC et al | Benitez Caceres, Mirca, Granados, Ramon, Caceres, Juan C., Caceres, Guillermo | 1:23-cv-00133 | 04/03/2023 | 05/10/2023 |
| Caceres et al v. Amos Financial LLC | Caceres, Mirca, Caceres, Guillermo | 1:23-cv-00429 | 10/18/2023 | 11/16/2023 |
| Benitez Caceres et al v. Superior Court, Rhode Island SC | Granados, Ramon, Caceres, Guillermo; Caceres, Israel | 1:23-cv-00500 | 11/28/2023 | 11/30/2023 |
| Granados et al v. Superior Court- Litch Judicial Complex | Granados, Ramon, Caceres, Israel, Caceres, Guillermo | 1:24-cv-00304 | 08/02/2024 | 08/15/2024 |
| Benitez Caceres et al v. U.S. Bank | Benitez Caceres, Mirca, Caceres, Israel, Caceres, Jonathan, Caceres, Abraham | 1:23-cv-00528 | 12/13/2023 | 06/21/2024 |
| Granados et al v. U.S. Bank Trust National Association et al | Granados, Ramon, Caceres, Israel | 1:24-cv-00267 | 07/08/2024 | 07/29/2024 |
| Benitez v. Butcher | Granados, Ramon, Benitez Mirca | 1:21-cv-00327 | 8/10/2021 | 10/28/2021 |

All of the cases have been dismissed by the Federal District Court. As previously stated, the only pending case is an appeal in the First Circuit of the dismissal of *Benitez Caceres, et al v. U.S. Bank Trust National Association*, 22-cv-00097. The Appeal, *Benitez Caceres, et al v. U.S. Bank Trust National Association* Docket No. 22-cv-1324 is pending dismissal for failure of the Appellants, Mirca

o

Benitez Caceres and Guillermo Caceres to comply with the briefing order.  On July

30, 2024, the First Circuit entered the following on the docket:

> "NOTICE of default and intent to dismiss issued for failure to file paper
> copies of the appellants' brief [6654094-2]. Paper copies of the brief are due
> **08/06/2024** for Mirca Benitez Caceres and Guillermo Caceres or this case
> may be dismissed in accordance with 1st Cir. R. 3.0(b) for lack of
> prosecution. [24-1324]"

On October 18, 2024, Amos Financial filed a motion to dismiss the First

Circuit Appeal on the grounds that the Appellants failed to comply with the above

Notice of Default and also based upon their failure to address the underlying

judgment, namely a dismissal of the federal district court case under the *Rooker*

*Feldman* doctrine.  Amos Financial has also submitted a brief on the merits of the

Appeal, which is pending.

   In the interim, due to the failure of the first foreclosure auction, Amos

Financial has filed a Motion to Vacate the order authorizing the final sale of the

Property and asked the Superior Court to authorize a second sale.  On October 25,

2024, the Petitioner's filed an unsupported Objection to the motion, but then failed

to appear at the hearing to address the motion or their objection.  On November 21,

2024, a hearing was held and Amos Financials motion to vacate the prior judgment

and reset the sale was allowed.  On November 29, 2024, the Superior Court entered

the Order allowing Amos Financials motion.  Apparently, the Petitioner's have

filed the present "Miscellaneous Petition" in anticipation of this Order, but they have failed to file an actual Notice of Appeal in the Superior Court.

## ARGUMENT

At no point in the underlying Superior Court case was there a challenge to its jurisdiction or an attempt to remove the case to federal court due to diversity or a federal question. The Petitoner's certainly could not and did not raise an issue of *forum non conveniens* as the case involved Rhode Island residents and property. See *Kedy v. A.W. Chesterton Co.,* 946 A.2d 1171 (R.I. S. Ct. 2008)(reconizing the *forum non conveniens* doctrine was available in Rhode Island state courts). The Petitioner's answered the complaint and responded to Amos Financials motion for summary judgment. If there were grounds for removal of the case, Petitioner's did not raise them. Instead, as set forth above, the Petitioner's filed numerous collateral actions in Federal Court seeking to attack the state court's jurisdiction and decisions. The Federal Court properly dismissed all of these claims. Now, the Petitioners dissatisfied with the latest ruling are seeking to have this Court transfer the case to the Federal District Court. There is no citation to the Superior Court or Appellate Rules, a state statute or any case, which would allow the relief requested. There is no authority for transferring a case to federal court, after am adverse order or judgment has been issued by a state court judge who has jurisdiction over the matter. As this Court has previously held, there is no statutory

8

authority to transfer state court cases to the federal courts. *State v. Werner*, 651 A. 2d 1234 (RI S. Ct. 1994).

## CONCLUSION

There is no legal basis or authority for the Court to transfer the cases to the Federal District Court. Petitioner's have made generalized allegations against the state court administrators and judges, not because there is any basis for their claims, but because they are dissatisfied with the outcome of their cases. Petitioner's motion should be denied and their latest Petition dismissed.

WHEREFORE, Defendants Amos Financial LLC requests that the Motion to Transfer be denied.

Respectfully submitted,

**AMOS FINANCIAL LLC,**

By its attorney,

*/s/ Thomas J. Walsh*
Thomas J. Walsh, Esq., RI # 5697
Harmon Law Offices, P.C.
150 California Street
Newton, MA 02458
Direct: (617) 558-8461
Fax: (617) 244-7304
twalsh@harmonlaw.com

Dated: December 9, 2024

9

## <u>CERTIFICATE OF SERVICE</u>

I, Thomas J. Walsh, hereby certify that on this 9th day of December 2024, the foregoing document was filed through the Courts electronic filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants:


**Mirca Benitez Caceres**
661-663 Hartford Avenue
Providence, RI 02909
PRO SE

**Ramon Granados**
661-663 Hartford Ave
Providence, RI 02909
PRO SE

                                        */s/ Thomas J. Walsh*
                                        Thomas J. Walsh