UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MIRCA BENITEZ CACERES;
RAMON GRANADOS; GUILLERMO
CACERES; JONATHAN D.
CACERES; ISRAEL D. CACERES;
and ABRAHAM D. CACERES,

    Plaintiffs,

    v.   C.A. No. 1:25-CV-00002-MSM-PAS

M. BETH ARRUDA, LTD.; WILLIAM
T. CARLINE; THOMAS WALSH,
HOLDER OF NOTE MORTGAGE,
HARMON LAW OFFICES, P.C.;
WALTER KING ENTERPRISE, LLC;
MARCOS INVERSIONISTA,

    Defendants.

ORDER

Mary S. McElroy, United States District Judge.

Before the Court are the defendants' Motions to Dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (ECF Nos. 6, 7, 8.)

The plaintiffs, proceeding pro se, reside at 661 Hartford Avenue in Providence, Rhode Island, and allege they own this property along with 659 Hartford Avenue, Providence, Rhode Island. (ECF No. 6-1 at 2-3.) The plaintiffs assert that, with respect to the two Hartford Avenue properties, the defendants falsified documents to "evict [them] with violence from a real property that [they] legally purchased twenty

1

years ago." (ECF No. 1 at 7-8.) The defendants deny these allegations and rather allege their client Jewel Associates, LP is the sole owner of 659 Hartford Avenue. (ECF No. 6-1 at 3.) Indeed, this is not the first action filed by these plaintiffs relating to these properties against these defendants. *See* ECF No. 8 ¶ 9. Here, the plaintiffs are essentially seeking ownership of "the property" (the complaint does not specify which of the two properties they are referring to) and damages arising from the "defendant's slander of plaintiff's title to property." (ECF No. 1 ¶¶ 1-5.)

The Court considers first the question of jurisdiction. Although only raised by two of the defendants, the Court "has an obligation to inquire sua sponte into its own subjection matter jurisdiction." *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004). This Court has jurisdiction over cases that arise under federal law, 28 U.S.C. § 1331, and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship between the parties, 28 U.S.C. § 1332.

As to federal question jurisdiction, the Court cannot discern from the pleadings, even giving the deference customarily afforded to pro se litigants, any claim that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

To satisfy the requirements of diversity jurisdiction, there must be complete diversity of citizenship between all the plaintiffs and defendants. 28 U.S.C. § 1332; *Newman-Green, Inc. v. Alfonzo-Larrain,* 490 U.S. 826, 829 (1989) (requiring that a plaintiff must meet the requirements of 28 U.S.C. § 1332 for each defendant). The plaintiffs' complaint provides one address, 661-3 Hartford Avenue, Providence Rhode

Island, for all the plaintiffs, and they provide no evidence they are domiciled anywhere other than Rhode Island. Because the defendant M. Beth Arruda, Ltd. is incorporated in Rhode Island and has its principal place of business at 1116 Park Avenue, Cranston, Rhode Island, the requirements of 28 U.S.C. § 1332 are not met.

Two defendants move for sanctions to be imposed against the plaintiffs under Fed. R. Civ. P. 11 due to this case being one of a series of similar cases that amount only to "harassing and vexatious conduct." While the defendants make a strong case for such sanctions, the Court will deny that request at this time and instead issue a warning to the plaintiffs that any further frivolous, wasteful, or harassing lawsuits, found repetitive of this one, may result in monetary sanctions.

For these reasons, the Court GRANTS the defendants' Motions to Dismiss (ECF Nos. 6, 7, 8), but denies the defendants' request for Rule 11 sanctions. Because this dismissal is on jurisdictional grounds, it is made without prejudice. *See U.S. ex rel. Poteet v. Bahler Med., Inc.*, 619 F.3d 104, 115 (1st Cir. 2010).

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge
February 14, 2025

3